IN THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA
(ROANOKE DIVISION)

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
09/28/2026
LAURA A. AUSTIN, CLERK
BY: /s/L. Ayers
DEPUTY CLERK

FAULCONER CONSTRUCTION COMPANY, INCORPORATED )
2496 Old Ivy Road )
Charlottesville, Virginia 22903 )

Plaintiff, )

v. ) CASE NO.: 7:26-cv-754

HELIX ELECTRIC, INC. )
6795 Flanders Drive )
San Diego, California 92121 )

Defendant. )

**COMPLAINT**

Plaintiff, Faulconer Construction Company, Incorporated ("Faulconer"), by counsel, hereby files its Complaint against Defendant Helix Electric, Inc. ("Helix"), and states as follows:

**PARTIES**

1. Faulconer is a Virginia corporation having its principal place of business in Charlottesville, Virginia. Faulconer is a sitework subcontractor specializing in earthwork, grading, civil utility installation and other sitework. Faulconer is and was, at all times relevant to the matters addressed herein, licensed and registered to conduct business in the Commonwealth of Virginia.

2. Helix is a California corporation, having its principal place of business in San Diego, California.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction for the claims asserted in this case pursuant to 28 U.S.C § 1332(a)(1). The amount in controversy in this action exceeds the sum of $75,000 and is between citizens of different states.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred on a construction project located within the judicial district of this court. In addition, pursuant to Section AC of Helix's subcontract with Faulconer, the parties agreed that any litigation relating to the subcontract shall be heard in the U.S. District Court within the jurisdictional limits of Pulaski County, Virginia.

## FACTS

5. This case involves amounts owed for Faulconer's construction work on a project at the Radford Army Ammunition Plant in Radford, Virginia. The construction project at issue involved construction of an energy waste incinerator for the United States Army Corps of Engineers ("USACE") at the Radford Army Ammunition Plant ("Project").

6. On or about September 28, 2021, the USACE entered into a prime contract with Parsons Government Services, Inc. ("Parsons") to construct the Project.

7. On or about April 20, 2022, Parsons entered into a subcontract with Helix whereby Helix would perform electrical work and services for the Project.

8. On or about February 16, 2024, Helix entered into a subcontract with Faulconer whereby Faulconer would perform duct bank excavation and other sitework in connection with Helix's electrical work for the Project for the original subcontract price of $175,336.00. A true copy of Faulconer's subcontract with Helix is attached hereto as **Exhibit A**.

9. The current Helix-Faulconer subcontract price, as adjusted by change orders, is $382,489.15.

10. Faulconer fully performed its subcontract work in a timely manner in accordance with the Project plans and specifications and subcontract requirements.

11. In connection with Faulconer's subcontract work, Helix has not asserted any claims against Faulconer for any alleged defective work, backcharges, damages, or material breaches of the subcontract.

12. To date, Helix's subcontract payments to Faulconer have totaled $295,691.54.

13. Helix has failed and refused to pay Faulconer the subcontract balance of $86,797.61.

14. In addition, Helix has failed and refused to pay Faulconer $9,641.32, for time and material work ("T&M Work") which Helix directed Faulconer to perform for the Project.

15. On June 24, 2025, Parsons terminated its subcontract with Helix.

16. Helix has never terminated its subcontract with Faulconer.

17. All of the unpaid work and supplied materials, for which Faulconer seeks payment in this case, was performed and supplied by Faulconer prior to June 24, 2025.

18. Pursuant to Section X(5) of the parties' subcontract, Faulconer seeks recovery of its reasonable attorneys' fees and costs incurred in this litigation. Section X(5) states as follows:

> (5) Attorney's Fees. If any claim, action, or proceeding including litigation or arbitration is commenced between HEI and SUBCONTRACTOR or their respective representatives concerning any provision of this Agreement or the rights and duties of any person or entity in relation thereto, the Party prevailing in such claim, action or proceeding, whether by out-of-court settlement or final judgment, shall be entitled, in addition to any other relief as may be granted, to the actual sum for attorney's fees, expert and consulting fees, court costs, and all other costs incurred in such action or proceeding, including any appeals in connection

> therewith. Any judgment or order entered in any final judgment shall specifically provide for the recovery of all expenses and costs of suit, including without limitation actual attorney's fees and accounting, expert and consulting fees and all other costs and expenses incurred in connection with (a) enforcing, perfecting and executing such judgment, (b) post-judgment motions, (c) contempt proceedings, (d) appellate proceedings, (e) garnishment, (f) discovery, and (g) bankruptcy litigation.

19. Pursuant to Section X(2) of the parties' subcontract, Faulconer attempted in good faith to mediate the parties' disputes before filing this action.

20. Faulconer has satisfied all conditions precedent in the Helix subcontract and in connection with the filing of this Complaint.

**COUNT I – BREACH OF CONTRACT**
**(*FAILURE TO PAY INVOICES FOR WORK PERFORMED AT HELIX'S DIRECTION*)**

21. Faulconer realleges paragraphs 1-20 above as if fully stated herein.

22. On May 30, 2025, the parties executed Change Order #11, which incorporated Faulconer's T&M Work performed between January 22, 2025 and February 28, 2025, and increased the subcontract price by $36,992.93.

23. On June 12, 2025, the parties executed Change Order #12, which incorporated Faulconer's T&M Work performed between March 3, 2025 and April 2, 2025, and increased the subcontract price by $40,472.47 to $382,489.15. Change Orders ## 11 and 12 are attached hereto in **Exhibit B**.

24. Between March 3, 2025 and June 5, 2025, at Helix's direction, Faulconer performed T&M Work in connection with the subcontract in the amount of $9,641.32.

25. Helix signed Faulconer's T&M Work tickets for the T&M Work performed between March 3, 2025 and June 5, 2025, and such tickets are attached hereto as **Exhibit C**.

26. Draft Change Order #13 incorporated Faulconer's T&M Work performed between March 3, 2025 and June 5, 2025, but Helix failed to execute the Change Order. Helix's only objection to the Draft Change Order related to mark-up on sales tax, which would have reduced the Draft Change Order by $21.71. Draft Change Order #13 is attached hereto in **Exhibit B**.

27. Pursuant to Section 4 of the parties' subcontract, Helix was required to fully pay Faulconer for its performed subcontract work within 30 days of receiving Faulconer's invoices.

28. On May 27, 2025, Faulconer submitted Invoice Number 10 to Helix seeking payment in the amount of $62,678.53. Invoice Number 10 included the agreed upon T&M Work Faulconer performed in connection with Change Order #11, base subcontract excavation work, and survey work authorized by Change Order #3. Invoice Number 10 is attached hereto in **Exhibit D**.

29. On July 1, 2025, Faulconer submitted Invoice Number 11 to Helix seeking payment in the amount of $50,113.79. Invoice Number 11 included the agreed upon T&M Work Faulconer performed in connection with Change Order #12, and the T&M Work directed by Helix in draft Change Order #13. Invoice Number 11 is attached hereto in **Exhibit D**.

30. Helix has failed and refused to fully pay Faulconer the amounts owed in Invoice Numbers 10 and 11.

31. Based upon Faulconer's subcontract work performed at Helix's direction, the amounts owed to Faulconer in connection with its subcontract are calculated as follows:

| | |
|---|---|
| $382,489.15 | Adjusted Subcontract Price Based Upon Change Order #12 |
| ($295,691.54) | Subcontract Payments Made by Helix to Faulconer |
| $ 86,797.61 | Unpaid Subcontract Balance |
| $ 9,641.32 | T&M Work Between March 3, 2025 and June 5, 2025 |
| **$ 96,438.93** | **Total (Not Including Interest on Unpaid Amounts)** |

32. Helix has materially breached its subcontract by failing and refusing to fully pay Faulconer the subcontract balance.

33. Helix has materially breached its subcontract by failing and refusing to fully pay Faulconer for Invoice Numbers 10 and 11.

34. Helix has materially breached its subcontract by failing and refusing to fully pay Faulconer for the T&M Work it performed at Helix's direction.

35. As a direct and proximate result of Helix's material breaches of its subcontract, Faulconer has incurred damages of $96,438.93, plus pre-judgment interest, costs, and attorneys' fees.

WHEREFORE, Faulconer Construction Company, Incorporated requests that the Court award a judgment in its favor and against Helix Electric, Inc., in an amount to be determined at trial, which is presently in the principal amount of $96,438.93, plus pre-judgment interest, costs, reasonable attorneys' fees, expert fees, and grant such other and further relief as it deems proper.

## COUNT II – BREACH OF CONTRACT
## (*BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING*)

36. Faulconer realleges paragraphs 1-35 above as if fully stated herein.

37. Pursuant to Virginia law, Helix has an implied duty of good faith and fair dealing in the performance and administration of its subcontract with Faulconer.

38. Following the submission of Faulconer's invoices for the unpaid subcontract balance and the T&M Work, Helix has not provided Faulconer with any written notice in defense of its refusal to fully pay Faulconer for its work other than allegations that: (1) Parsons has not paid Helix for the work at issue; and (2) that Parsons took assignment of Faulconer's subcontract. Helix's alleged defenses to payment are alleged in its correspondence dated March 13, 2026, attached hereto as **Exhibit E**.

39. Helix was fully aware that Virginia law bans contractual pay-if-paid provisions, and therefore whether Parsons paid Helix for Faulconer's unpaid subcontract work is not a legal or contractual defense to Helix's non-payment.

40. Helix has not provided Faulconer with any written assignment, signed by Parsons, wherein Parsons took assignment of Faulconer's subcontract from Helix.

41. Helix intentionally misrepresented to Faulconer that Parsons took assignment of Faulconer's subcontract when it knew that no assignment occurred.

42. Helix was fully aware that the alleged Parsons assignment was pretext and was not a legal or contractual defense to Helix's non-payment.

43. As a result of Helix's misrepresentations regarding the alleged Parsons assignment, Faulconer incurred unnecessary attorneys' fees in investigating the alleged Parsons assignment.

44. Pursuant to Section X of the subcontract, Helix had an express duty to participate "in a good faith effort to mediate" subcontract disputes. Helix further agreed "that active, good faith participation in a mediation is an express condition precedent to the institution of any formal dispute procedures hereunder." The subcontract further states, "[t]hus, with the exception of preserving or enforcing mechanic's lien, stop payment notice, or bond rights, the Parties shall attempt in good faith first to mediate such dispute and use their best efforts to reach agreement on the matters in dispute."

45. Due to Helix's March 13, 2026, letter, and its adamant refusal to pay the subcontract amounts which were due and owing to Faulconer, Faulconer requested Helix's consent for waiving the mediation requirement in their subcontract so that the parties could avoid the time and expense of mediation and proceed directly with litigation of their disputes.

46. However, Helix refused Faulconer's request to waive the subcontract mediation requirement. As a result, on May 5, 2026, Faulconer filed a mediation demand with the AAA in order to comply with the subcontract's dispute resolution process with respect to its unpaid work.

47. Per the parties' agreement, the AAA mediation was scheduled for August 25, 2026.

48. On August 19, 2026, the mediator notified the parties that Helix had failed to pay its AAA mediation deposit and therefore the mediation scheduled for August 25, 2026, was cancelled.

49. In bad faith, Helix refused to waive the subcontract's mediation requirement, forced Faulconer to initiate mediation of its disputes in order to pursue the subcontract's dispute resolution process, and subsequently refused to participate in an agreed upon scheduled mediation.

50. Helix wrongfully, intentionally, and in bad faith, forced Faulconer to incur unnecessary mediation fees and costs, and attorneys' fees, where Helix had no intention of participating in mediation.

51. Helix has materially breached its subcontract, and its implied duty of good faith and fair dealing, by failing and refusing to fully pay Faulconer its subcontract balance, and for the T&M Work it performed at Helix's direction, without any contractual, legal defense or justification.

52. Helix has materially breached its subcontract, and its implied duty of good faith and fair dealing, by intentionally misrepresenting that Parsons took assignment of Faulconer's subcontract.

53. Helix has materially breached its subcontract, and its express contractual duties of good faith and fair dealing, by refusing to participate in mediation in good faith.

54. As a direct and proximate result of Helix's material breaches of its subcontract, Faulconer has incurred damages of $96,438.93, plus pre-judgment interest, costs, attorneys' fees, AAA mediation filing fees and mediation costs.

WHEREFORE, Faulconer Construction Company, Incorporated requests that the Court award a judgment in its favor and against Helix Electric, Inc., in an amount to be determined at trial, which is presently in the amount of $96,438.93, plus pre-judgment interest, costs, reasonable attorneys' fees, AAA mediation fees and costs, expert fees, and grant such other and further relief as it deems proper.

This 28th day of September 2026.

FAULCONER CONSTRUCTION COMPANY, INCORPORATED

BY: ______________________________

Brad C. Friend, Esquire (VSB#65462)
KRAFTSON CAUDLE
1600 Tysons Boulevard, Suite 250
McLean, Virginia 22102
Telephone: (703) 873-5507
Email: bfriend@kraftsoncaudle.com

*Counsel for Faulconer Construction Company, Incorporated*